IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RMG MEDIA, LLC,<br><br>      Plaintiff;<br><br>  v.<br><br>iBOATS, INC.,<br>GRACELOCK INDUSTRIES, INC.,<br>SEACOAST CAPITAL MANAGERS, LLC,<br>And JOHN DOE,<br><br>      Defendants. | Civil Action No. 20-cv-290-RGA |

<u>MEMORANDUM ORDER</u>

  Before me is Defendant iBoats' motion to dismiss (D.I. 36) claims against it in Plaintiff's First Amended Complaint (D.I. 24) pursuant to FED. R. CIV. P. 12(b)(2) & (b)(3). The matter has been fully briefed. (D.I. 38, 45, 49). For the reasons set forth below, Defendant's motion is DENIED.

**I. NATURE OF THE PROCEEDINGS**

  Plaintiff RMG originally filed this lawsuit against Defendants Seacoast and iBoats alleging direct infringement by Seacoast and iBoats as well as contributory copyright infringement and vicarious copyright infringement by Seacoast. (D.I. 1). RMG thereafter filed an amended complaint against Defendants Seacoast, iBoats, Gracelock, and John Doe, alleging direct copyright infringement by iBoats and John Doe; contributory copyright infringement by iBoats, Gracelock, and Seacoast; and vicarious copyright infringement by Gracelock and

1

Seacoast. (D.I. 24). Defendant iBoats moves to dismiss RMG's claims of direct and contributory copyright infringement against it under FED. R. CIV. P. 12(b)(2) and 12(b)(3). (D.I. 36).

**II. FACTUAL BACKGROUND**

RMG alleges that it entered into a Master Services Agreement ("MSA") with Defendant iBoats on or about April 16, 2018, in which iBoats hired RMG to "perform certain services in connection with [iBoats'] Website." (D.I. 24 at ¶ 19). RMG and iBoats subsequently entered into additional project assignment agreements under the MSA "for certain software development services, DevOps services, and UI/UX services," on or about June 1, 2018. (*Id.* at ¶ 20). As part of these project assignments, RMG alleges it "wrote several new computer program modules and modified several pre-existing program modules" that were later incorporated into iBoats' Website. (*Id.* at ¶¶ 20–23). RMG registered six copyrights on the source code it wrote for modules developed as project assignments. (*Id.* at ¶ 24).

RMG further asserts that on or about July 1, 2019, iBoats defaulted its "payment obligations" for project assignments under the MSA but nevertheless "operated the Website at least until December 31, 2019," through which time "the Website source code incorporated exact copies or derivatives of the Modules." (*Id.* at ¶ 26, 28). RMG asserts that the terms of the MSA conditioned iBoats' authorized use of the modules on its full payment to Plaintiff. (*Id.* at ¶ 25). RMG further alleges that on or about December 31, 2019, iBoats transferred ownership to John Doe "without [RMG's] knowledge or permission." (D.I. 24 at ¶ 30). At the time of transfer—because it had defaulted its payment obligations—iBoats did not have a valid license to RMG's registered works, nor does RMG acknowledge that it provided permission or consent to authorize the transaction or third-party use of the Website. (*Id.* at ¶ 31).

**III. LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a case because the court lacks personal jurisdiction over that party. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). Absent an evidentiary hearing, a plaintiff needs only to establish a prima facie case of personal jurisdiction. *Id.* All Plaintiff's allegations are taken as true and factual disputes are drawn in its favor. *Id.*

Personal jurisdiction derives from two sources, statutory and constitutional law. Under Federal Rule of Civil Procedure 4(k), a District Court usually exercises personal jurisdiction according to the law of the state in which it sits. *See* FED. R. CIV. P. 4(k)(1)(A). Delaware's long-arm statute has been construed "broadly to confer jurisdiction to the maximum extent possible under the Due Process Clause, so the focus of the inquiry traditionally rests on the constitutional component." *AstraZeneca AB v. Mylan*, 2014 WL 5778016, at *2 (D. Del. Nov. 5, 2014) (internal quotation marks and citations omitted).

Due process requires "minimum contacts" between an out-of-state defendant and the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). In undertaking this "minimum contacts" analysis, the Supreme Court has focused on the nature and extent of "the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1779 (2017). In doing so, the Court has recognized two types of personal jurisdiction: general jurisdiction and specific jurisdiction.

General jurisdiction occurs where a defendant's contacts with a state are "so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted). Specific jurisdiction occurs when a defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted). Specific jurisdiction therefore covers defendants with more attenuated connections to a state, but "only as to a narrower class of claims" than are covered by general jurisdiction. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, --- S.Ct. --- 2021 WL 1132515 (U.S. Mar. 25, 2021).

The Supreme Court has explained that "specific jurisdiction has become the centerpiece of modern jurisdiction theory, while general jurisdiction has played a reduced role." *Daimler AG*, 134 S. Ct. at 128 (internal quotation marks omitted). The Supreme Court has stressed the difference between the specific and general jurisdiction inquiries. *See id.* at 132 ("Although the placement of a product into the stream of commerce may bolster an affiliation germane to specific jurisdiction, we explained, such contacts do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant. As *International Shoe* itself teaches, a corporation's continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." (internal quotation marks and citations omitted)).

## IV. DISCUSSION

Defendant argues that it "does not conduct business in or have any contacts with Delaware" and is therefore not subject to personal jurisdiction here. (D.I. 38 at 6). Defendant specifically asserts that it does not have any "locations, employees, officers, agents, or business

activities in Delaware." (D.I. 40 at ¶ 4). Nor does Defendant have any "physical locations, mailing addresses, or telephone listings in Delaware." (*Id.*). Defendant is incorporated in Utah, and its principal place of business and registered agent are also in Utah. (*Id.* at ¶ 3).

Defendant further asserts that the "general accessibility of iBoats.com and its online platform for third-party classified ads do not establish specific or general jurisdiction." (D.I. 38 at 6). Specifically, Defendant argues that it is not subject to personal jurisdiction because it "does not engage in any targeted marketing or advertising to Delaware." (*Id.*) (citing D.I. 40 at ¶ 7). Defendant does operate an "online e-commerce platform that allows third parties . . . to post classified advertisements" for boat sales, but it argues that this is insufficient grounds for personal jurisdiction because Defendant "does not supervise, control, or have any formal business relationships with third parties using the platform to post classified advertisements." (D.I. 38 at 6) (citing D.I. 40 at ¶¶ 6–7). Defendant also asserts that sales of its products in Delaware account for 0.3% of its total revenue (D.I. 38 at 6–7) (citing D.I. 40 at ¶¶ 5, 7), that it does not target Delaware specifically when marketing its products (*Id.*), and that it sells boat-related accessories through its website to customers throughout the U.S. (D.I. 40 at ¶ 5).

Plaintiff replies that Defendant has purposefully availed themselves of the privilege of conducting business activity in Delaware. (D.I. 45 at 7). Plaintiff first argues that Defendant's sales of its products in Delaware arise from the website, and even if those sales constitute a small portion of Defendant's overall revenue, they suffice to warrant exercise of specific jurisdiction. (*Id.* at 8). Plaintiff also presents evidence that, as of June 2020, at least two boat dealers in Delaware contracted with Defendant to advertise their inventory on the website. (D.I. 24 at ¶¶ 14–15; D.I. 24-1, Ex. A). Because "the Website instructs boat dealers and brokers to specifically contact iBoats by phone to [set up] an account in order to list their inventory on their Website,"

5

Plaintiff alleges that Defendant has necessarily interacted with boat dealers in Delaware at least in the context of their advertising services. (*Id.*).

Neither party argues that business activity in Delaware through the iBoats website that would satisfy the requirement for "purposeful availment" would nevertheless be insufficient to establish specific jurisdiction because the activity is unrelated to Plaintiff's cause of action. I therefore focus my analysis on whether Defendant has conducted activity in Delaware such that it should "reasonably anticipate being haled into court" in the forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

I agree with Plaintiff that Defendant has conducted sufficient business activity in Delaware to reasonably anticipate being subject to specific jurisdiction in Delaware. Because this is a Rule 12(b)(2) motion, I resolve any factual disputes in favor of Plaintiff and treat its factual allegations as true. *Sandy Lane Hotel Co.*, 496 F.3d at 316. I therefore credit Plaintiff's allegations that Defendant has contracted with boat dealers in Delaware for special advertising services over Defendant's objection that Defendant has not engaged in any marketing or advertising in Delaware. Even if I were not looking at the evidence in the light most favorable to Plaintiff, I find more persuasive Plaintiff's exhibit highlighting the inventory of boats available for sale from dealers in Delaware on iBoats.com, as opposed to Defendant's unsupported allegation that it does not engage in advertising in the state.

"If a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site, then the 'purposeful availment' requirement is satisfied." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003). Here, Defendant "knowingly conduct[ed] business with forum state residents via the site" when it contracted with boat dealers for special advertising packages that would allow them

6

to list their boat inventories on the website. (D.I. 24-1, Ex. A; D.I. 24 at ¶¶ 14–15). This business activity is sufficient to satisfy the "purposeful availment" requirement; Plaintiff need not additionally prove that the "web site operator *intentionally* targets the site to the forum state." *Toys "R" Us, Inc.*, 318 F.3d at 452 (emphasis added). I therefore find that Defendant is subject to specific jurisdiction in Delaware for this cause of action.

Defendant also argues under Rule 12(b)(3) that venue is improper in this case. An action brought under federal copyright laws "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "A defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction." *Skidmore v. Led Zeppelin*, 106 F.Supp.3d 581, 584 (E.D. Pa 2015). Because Defendant is subject to personal jurisdiction in Delaware, therefore, venue is also proper for Defendant in this Court.

## V. CONCLUSION

For the reasons set forth above, Defendant iBoats' motion to dismiss (D.I. 36) pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(3) is **DENIED**.

IT IS SO ORDERED.

Entered this 31st day of March, 2021.

　_/s/ Richard G. Andrews___
United States District Judge